VENANCIO PÉREZ RIVAS, demandante y apelante, *v.* ALFREDO HAEUSSLER, demandado y apelado.

Núm. 9212.—*Sometido:* Marzo 1, 1946. *Resuelto:* Marzo 29, 1946.

---

*Diego O. Marrero* y *Eduardo Cuchí Coll,* abogados del apelante; el apelado no compareció.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante radicó en la corte inferior una demanda en tercería basada en los siguientes hechos: Que el demandante tercerista compró, una finca rústica, que describe en la demanda, por escritura pública otorgada el 10 de marzo de 1945, y que presentada ésta en el Registro para su inscripción, encontró que el 13 de marzo de 1945 se había presentado una anotación de embargo sobre dicha casa en un pleito seguido por el demandado en tercería Alfredo Haeussler contra Enrique Germán, en cobro de pagaré. Solicitó el demandante que se dictase sentencia ordenando la cancelación del embargo, toda vez que habiéndose adquirido el dominio de la finca con anterioridad a la expedición del embargo, y constituyendo éste un derecho personal, el demandante no podía ser perjudicado por ese embargo, aunque se hubiese trabado con anterioridad a la inscripción de la escritura de compraventa. Los demandados en tercería no comparecieron, por lo que se anotó su rebeldía y el tercerista solicitó que el caso se incluyese en el calendario especial del 29 de junio de 1945, a fin de que la corte dictase la correspondiente sentencia. En la fecha últimamente indicada, fué

llamado el caso a juicio, compareciendo el tercerista por su abogado, no habiendo comparecido los demandados. Estimando el abogado del tercerista que no era necesario presentar evidencia dada la naturaleza de las alegaciones de la demanda, ni apareciendo que la corte requiriese la presentación de evidencia, sometió el caso a la consideración de la corte. Ésta, el 9 de julio siguiente, dictó sentencia declarando sin lugar la demanda, precisamente porque el demandante no presentó evidencia para sostener las alegaciones de la demanda. Contra esa sentencia interpuso el tercerista el presente recurso.

▮▮▮ La ley reguladora del caso es la núm. 55 de las Reglas de Enjuiciamiento Civil, que en lo pertinente dice así:

"(a) Anotación.—Cuando una parte contra la cual se solicite un remedio afirmativo por sentencia haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas Reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía.

"(b) Sentencia.—Podrá dictarse sentencia en rebeldía en los siguientes casos:

"(1) Por el Secretario.—Cuando la reclamación del demandante contra un demandado sea por una suma determinada o por una suma que pueda determinarse mediante cálculo, el secretario a petición del demandante y al presentársele declaración jurada de la cantidad adeudada, anotará sentencia por dicha cantidad y las costas contra el demandado cuando éste haya sido declarado en rebeldía por no comparecer, siempre que no se trate de un menor o persona incapacitada.

"(2) Por la Corte.—En todos los demás casos la parte con derecho a una sentencia en rebeldía la solicitará de la corte; . . . Si para que la corte pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta o determinar el importe de los daños, o *comprobar la veracidad de cualquier afirmación mediante prueba,* o hacer una investigación de cualquier otro asunto, la corte podrá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un *master.*" (Bastardillas nuestras.)

Los hechos esenciales de la demanda, a saber: la fecha de la escritura de adquisición del inmueble por parte del ter-

cerista y la de presentación del mandamiento de embargo en el Registro de la Propiedad, constan en archivos públicos. Si consideramos que de acuerdo con la núm. 11 de las Reglas de Enjuiciamiento Civil, la firma de un abogado al pie de una alegación equivale a un certificado de que la alegación está bien fundada, y si consideramos también que el demandado, al no contestar, tácitamente aceptó la veracidad de los hechos, parece innecesario oír prueba para comprobarlos. Pero en el supuesto de que el juez de la corte inferior hubiera deseado comprobar la veracidad de esos hechos, debió exigir al demandante que presentara la prueba a ese respecto, y no dejar sometido el caso para luego dictar sentencia declarando sin lugar la demanda.

Que la demanda aduce hechos es evidente, pues el embargo trabado con posterioridad a la fecha en que se otorgó la escritura de compraventa, no podía en manera alguna perjudicar los derechos del tercerista, el comprador en la escritura, aunque la anotación del embargo fuese anterior a la presentación de la escritura en el Registro de la Propiedad. *La Sociedad de Auxilio Mutuo* v. *Rossy*, 17 D.P.R. 83 y *Hernández* v. *Iglesias*, 58 D.P.R. 406. Siendo tan claro el derecho del apelante a la sentencia que solicita, creemos inútil devolver el caso a la corte inferior para que oiga la prueba sobre las alegaciones de la demanda, especialmente cuando el propio demandado en tercería ni siquiera compareció en esta corte a sostener la sentencia apelada.

*Procede, por lo expuesto, revocar la sentencia apelada, dictar otra declarando con lugar la demanda de tercería, y en su consecuencia ordenar al Registrador de la Propiedad de San Juan, Sección Primera, que proceda a cancelar la anotación del embargo sobre la finca descrita en la demanda, expedido en el caso seguido por Alfredo Haeussler contra Enrique Germán, civil núm. 4795, en cobro de pagaré. Se imponen las costas al demandado.*

El Juez Presidente Sr. Travieso no intervino.