# 97 DTA 140

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE BAYAMON
### PANEL I

IVETTE COSME GARCIA
Demandante-Recurrida

v.

ERIC D. APONTE
Demandado-Peticionario

Núm. KLCE-96-00765

San Juan, Puerto Rico, a 18 de junio de 1997

Panel integrado por su Presidente, el Juez Sánchez Martínez
y los Jueces Broco Oliveras y Urgell Cuebas

Broco Oliveras, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El recurso ante nuestra consideración se presentó ante la Secretaría de este Tribunal el 26 de julio de 1996. En el mismo se recurre de la determinación que hiciera el tribunal de instancia, denegando la modificación o revisión de la pensión alimentaria impuesta al peticionario. Dicha resolución se dictó el día 20 de junio de 1996; el archivo en autos de copia de su notificación se efectuó el 26 de junio de 1996.

El peticionario, Eric D. Aponte, recurre ante nos alegando que el tribunal recurrido erró al denegar la revisión solicitada ante su imposibilidad de pago; al determinar sin celebrar vista que él no ha acreditado cambios sustanciales que ameriten revisar la pensión; determinar que renunció voluntariamente a su empleo autorizar a la recurrida a cobrar la deuda de la pensión sumariamente, de los fondos que le adjudique el tribunal en liquidación; al despachar sumariamente la alegación de condición mental y la presunta nulidad de los procedimientos en su contra; y, finalmente, alega que abusó de su discreción del tribunal al condenarle al pago de honorarios de abogado de los menores.

Por las razones que más adelante exponemos, procedemos a expedir el auto de *certiorari*, revocar la determinación del tribunal recurrido, y ordenamos la continuación de los procedimientos ante el tribunal de instancia.

### I

El 23 de noviembre de 1993 la parte recurrida, Ivette Cosme García presentó una demanda de divorcio bajo la causal de trato cruel. Entre otras cosas, solicitaba una pensión alimentaria no menor de $600 mensuales para la hija menor de edad habida en el matrimonio. El peticionario contestó la demanda y reconvino, alegó que estaba en estado de insolvencia y que la recurrida devengaba ingresos de $1,439 mensuales, por lo que solicitó alimentos *pendente lite* en la cantidad de $200 mensuales y el pago de las costas, gastos y honorarios de abogado. La vista para fijar la pensión alimentaria fijada para el 18 de enero de 1994, fue pospuesta para el 7 de marzo de 1994 por no haber concluido aún el descubrimiento de prueba. La Examinadora de Pensiones (la Examinadora), recomendó que se fijara una pensión alimentaria provisional a favor de la menor por la cantidad de $250 mensuales. Dicha recomendación fue acogida por el tribunal mediante orden que dictara el 25 de enero de 1994.

El 7 de marzo de 1994, se celebró la vista sobre pensión alimentaria en ausencia del peticionario, a tenor con el Art. 13(2)(e) de la Ley Especial de Sustento de Menores. ██ El 28 de abril de 1994, la Examinadora rindió su informe recomendando que se fijara una pensión de $600 mensuales, que la misma fuera retroactiva al 23 de noviembre de 1993 y fijara una cantidad razonable en concepto de honorarios de abogado. Esta recomendación fue acogida por el tribunal el 11 de mayo de 1994. ██

Mediante moción que presentara el peticionario por derecho propio ante el tribunal *a quo* el 18 de marzo de 1994, le solicitó al tribunal que revisara la pensión alimentaria provisional que le fuera fijada. Basó su petición en la alegada imposibilidad económica de pago. Su incumplimiento con la pensión alimentaria impuesta, tanto la que le fuera impuesta provisionalmente como la pensión fija posterior, ha provocado varios incidentes de desacato, siendo el primero de ellos el 3 de octubre de 1994 en la vista del caso de divorcio. ██ El tribunal acogió la recomendación de la Examinadora y le fijo la cantidad de $600 en concepto de pensión alimentaria, retroactiva al 23 de noviembre de 1993,

fecha en que se radicó la demanda. Se fijaron honorarios de abogado a favor del alimentista.

El 13 de octubre de 1994 se dictó la sentencia de divorcio en la que se expresó que se reiteran las determinaciones previas del tribunal en relación con la pensión alimentaria. El peticionario compareció el 22 de octubre de 1994 mediante moción en solicitud de reconsideración de pensión alimentaria. En ella alegó que la renuncia a su empleo se debió a *"problemas internos"*, que está desempleado y no podrá cumplir con la pensión impuesta. El 14 de diciembre de 1994 el tribunal denegó la reconsideración presentada por el peticionario. El archivo en autos de copia de la notificación de dicha resolución se efectuó el 27 de diciembre de 1994.

El 30 de enero de 1995 el peticionario presentó por derecho propio una solicitud de reconsideración de la pensión. El 6 de mayo de 1995 el tribunal denegó esta solicitud de reconsideración. Expresó el tribunal que es obvio que no ha ocurrido un cambio en las circunstancias que justifique variar la pensión, además, la misma se presentó fuera de tiempo, por lo que determinó que no tenía jurisdicción para acogerla. Surge de la minuta del 12 de junio de 1995, **[4]** que a la vista de desacato fijada en el pleito de divorcio, las partes estipularon que la pensión acumulada asciende a $7,200, más $500 acumulados en concepto de honorarios de abogado. La parte recurrida informó que no hay oferta de plan de pago. El tribunal le impuso $250 adicionales en concepto de honorarios de abogado por dicha vista.

Mediante orden que dictara el tribunal el 13 de junio de 1995, se ordenó que la deuda acumulada de $7,200 más $750 en honorarios de abogado se pagara de la participación ganancial del dinero consignado en el pleito de liquidación de bienes, tramitado entre las mismas partes, cantidad que asciende a $36,178.30, según determinara el tribunal.

El 2 de agosto de 1995, el peticionario radicó una Moción Urgente Solicitando la Modificación y/o Revisión de la Pensión Alimentaria. Luego de varios trámites procesales, entre ellos, el Acta que emitiera la Examinadora de Pensiones, el tribunal dictó la orden de la que se recurre ante nos. ▉ En la misma se determinó que las mociones presentadas por el aquí peticionario sólo son mociones de reconsideración presentadas a destiempo, que no ha acreditado que hayan ocurrido cambios sustanciales en su posición de manera que amerite la modificación de la pensión ya impuesta, por lo que deberá esperar el transcurso de los tres años que dispone la Ley de Sustento de Menores. El tribunal autorizó a la recurrida a cobrar la deuda alimentaria montante a $7,092.73 de los fondos gananciales que el tribunal le adjudique al peticionario. En cuanto al planteamiento de incapacidad mental que había presentado el peticionario, el tribunal concluyó que ya se había adjudicado en el pleito de divorcio. Le impuso el pago de $250 en honorarios de abogado, a pagar en treinta (30) días. No conforme, el peticionario recurre ante nos y alega la comisión de los siguientes errores:

*"Primer Error*

*Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de modificación y/o revisión de la pensión alimentaria fijada al peticionario en el presente caso ante la imposibilidad de dicha parte peticionaria de poder cumplir con dicha obligación por carecer de los recursos económicos necesarios para su propio sostenimiento.*

*Segundo Error*

*Erró el Honorable Tribunal de Primera Instancia al determinar "sua sponte" y sin la celebración de una vista que la parte peticionaria "no ha acreditado que han ocurrido cambios sustanciales en su condición económica" evadiendo, al así hacerlo, su responsabilidad indelegable de evaluar los méritos de la solicitud presentada conforme a derecho, imponiendo en su lugar trabas absurdas e insólitas para impedir el ejercicio válido del derecho que le asiste al peticionario de recurrir al tribunal a solicitar y obtener una modificación o revisión de la pensión alimentaria fijada, en circunstancias donde su capacidad económica y estado de salud mental para cumplir con dicha obligación así lo requiere.*

*Tercer Error*

*Erró el Honorable Tribunal de Primera Instancia al fundamentar y apoyar su denegatoria a la*

*solicitud de modificación y/o revisión de la pensión alimentaria presentada por la parte peticionaria en el presente caso, en "notas" y premisas incorrectas referente a la prueba desfilada durante la vista de divorcio en torno a la situación de empleo y capacidad económica del peticionario, dando así la impresión equivocada de que el peticionario había renunciado voluntariamente a su empleo con el deliberado propósito de que su familia pasara privaciones innecesarias y se convirtiera en carga económica para su cónyuge ante su deseo premeditado de no querer trabajar y por consiguiente declinar ofertas de empleo.*

### Cuarto Error

*Erró el Honorable Tribunal de Primera Instancia al decretar "con lugar" la moción presentada por la parte recurrida autorizando a dicha parte a cobrar la deuda acumulada de pensión alimentaria de los fondos gananciales que le adjudique el tribunal en el caso DAC 94-0834 (502) sobre liquidación de la sociedad legal de gananciales, constituyendo ello los únicos recursos que tiene disponible el peticionario para su propio sostén económico.*

### Quinto Error

*Erró el Honorable Tribunal de Primera Instancia al despachar sumariamente el asunto de la condición mental del peticionario y de la presunta nulidad de los actos y/o procedimientos ventilados en el presente caso, intimando que tal asunto fue adjudicado y nada adicional se ha planteado al respecto.*

### Sexto Error

*Erró y abusó el Honorable Tribunal de Primera Instancia de su sana discreción al condenar a la parte peticionaria al pago de honorarios de abogados en relación con el asunto que nos ocupa."*

## II

El peticionario discute en conjunto los primeros cuatro señalamientos de error, por lo que los discutiremos del mismo modo.

Alega el peticionario, que la razón para su incomparecencia a la vista del 7 de marzo de 1996 obedeció a que no fue notificado de la misma. También alega que tampoco se le apercibió de las consecuencias de su incomparecencia y que la pensión impuesta es de carácter punitivo. Basa esta alegación (de que la pensión impuesta es punitiva), en que la Examinadora no utilizó la Planilla de Información Personal y Económica, la cual alega que refleja *"cero ingresos"*, y su alegada incapacidad de pago. En cuanto a la voluntariedad de su renuncia al empleo, alega que la misma se efectuó un año antes de radicarse la demanda de divorcio y que se produjo a consecuencia de una oferta mejor que le hicieran. También dice que la recurrida consintió a su renuncia. Solicita que no se considere como fundamento para denegar la solicitud de revisión y/o modificación de la pensión este hecho, que alegadamente ocurrió cuando aún no consideraban el divorcio.

En cuanto a la pensión alimentaria fijada, alega que la misma opera contra el mandato de la Ley Especial de Sustento de Menores, *supra*, en cuanto a que la pensión debe fijarse a base de criterios objetivos y en forma uniforme. Finalmente, el peticionario nos argumenta que el procedimiento de desacato, aún cuando está disponible para asegurar el cobro de pensiones alimentarias atrasadas, debe ser el último recurso a utilizarse por el tribunal. Alega que debe limitarse a los casos de desobediencia voluntaria y obstinada a una orden o sentencia concediendo alimentos, y en que la continuada encarcelación del desacatador pueda surtir los efectos de dar al alimentista la reparación necesaria. Nos alega que la finalidad perseguida por las pensiones alimentarias es el bienestar del alimentista y no penalizar al alimentante.

Surge de la Orden de Pensión Alimenticia Provisional que dictara el tribunal recurrido el 25 de enero de 1994, que las partes fueron citadas a una vista ante la examinadora, Lcda. Martha C. Torres López, el 7 de marzo de 1994. No surge la notificación de la misma ni la minuta para determinar la corrección de la aseveración de la recurrida en el sentido de que fueron citados en corte abierta y se les apercibió que se podía celebrar en ausencia. Del informe de la Examinadora de Pensiones de 28 de

abril de 1996, surge que se le notificó en corte abierta el día 18 de enero de 1994. El peticionario no alega que no se le notificara la Orden de Pensión Alimenticia de marzo de 1994. Entendemos que el peticionario conocía del señalamiento para determinar la cuantía de la pensión alimentaria.

La sentencia en la que se impuso la pensión alimentaria es final y firme por lo que se variará sólo si circunstancias lo justifican. Esto no significa que la misma sea inmutable, ya que son revisables cada tres años o antes, si ocurren cambios significativos o imprevistos en las circunstancias de alguna de las partes, o cuando, al momento de adoptarse el acuerdo o dictarse la sentencia y orden, desconocía información pertinente que no sea por culpa de parte perjudicada. ■

El peticionario alega incapacidad económica, que se dictó la pensión en rebeldía y arbitrariedad al determinar la cuantía a base de que no se consideró prueba de su parte. Durante todo el proceso el peticionario ha insistido en su incapacidad de pago, y en que la razón por la que la Examinadora de Pensiones recomendó que no se variara la pensión fue la rebeldía del peticionario. La rebeldía no impide que se revise prospectivamente la pensión cuando, como en este caso, se insiste en la incapacidad de pago. La decisión que dictara el Tribunal Supremo en *Continental Ins. Co. v. Isleta Marina,* 106 D.P.R. 809 (1978), no es un permiso irrestricto al tribunal para conceder la indemnización solicitada por el mero hecho de dilucidarse un caso en rebeldía. El proceso de formar conciencia judicial exige la comprobación de la veracidad de cualquier aseveración mediante prueba a tales efectos, aún cuando se dilucide en rebeldía, la parte perjudicada por la rebeldía. El proceso de formar conciencia judicial exige la comprobación de la veracidad de cualquier aseveración mediante prueba a tales efectos. Aun cuando se dilucide en rebeldía, la parte perjudicada por la sentencia puede impugnar la cuantía y apelar la sentencia. ■ La pensión que se imponga debe ser justa y adecuada, ■ por lo que en el caso ante nos, el tribunal debió pasar juicio sobre la condición económica del peticionario y darle la oportunidad de establecer sus alegaciones de incapacidad de pago, en lugar de descansar en la incomparecencia del peticionario a la vista. No se trata de penalizar al alimentante, sino del bienestar del menor. *Rodríguez Avilés v. Rodríguez Beruff,* 117 D.P.R. 616, 629 (1986).

Erró el tribunal recurrido al reafirmarse en su dictamen basándose en el Acta que le refiriera la Examinadora de Pensiones, sin pasar juicio sobre la condición económica del peticionario, ni darle la oportunidad de establecer sus alegaciones.

En cuanto al cuarto planteamiento de error, debido a la determinación a la que llegamos, es innecesario entrar a discutirlo. El revocar la pensión alimentaria impuesta al peticionario y devolver el caso al tribunal recurrido, hace académico este planteamiento. El tribunal recurrido deberá determinar la condición económica del peticionario, y la veracidad de la alegación que hace sobre su participación en los bienes gananciales.

En cuanto a su alegación de incapacidad mental no fue mediante vista o a través de facultativo médico independiente. Alega que sólo se aceptó una evaluación médica que le sometiera el peticionario, *"quien no quiere aceptar su condición mental incapacitante."*

La parte recurrida alega que el peticionario planteó su alegada incapacidad mental tanto en el pleito de divorcio como en el de Liquidación de Bienes Gananciales, y que en ambas ocasiones los procedimientos fueron paralizados para dilucidar la veracidad de dicha aseveración. Alega que el resultado de dichas paralizaciones e informes médicos fue que el peticionario no tiene impedimento o limitación alguna para que los procedimientos judiciales continúen. ■

De la minuta del 3 de octubre de 1994, ■ en el pleito de divorcio, surge que el peticionario había sido referido a evaluación el 26 de agosto de 1994, para determinar si era necesario nombrarle un defensor judicial. El tribunal unió al expediente la certificación indicando que no era necesario nombrarle un defensor judicial, a lo que la representación legal del peticionario no objetó.

Surge de la minuta del día 30 de agosto de 1996, págs. A-14 y A-15 del Apéndice de la recurrida, que luego que el tribunal recesara para que los abogados de ambas partes revisaran los exámenes, las partes estipularon los informes sicológicos y siquiátricos sometidos. Los mismos indicaban que el peticionario está entendiendo los procedimientos y que no tiene ninguna limitación o impedimento para que procedimientos judiciales continúen. No surge objeción alguna al respecto por parte del

peticionario.

El peticionario vuelve a plantear, esta vez en procedimiento de fijación de pensión alimentaria, su alegado estado mental. El tribunal correctamente determinó que es asunto ya resuelto y no han surgido elementos nuevos que hicieran variar su determinación. No podemos darle el alcance que pretende el peticionario, y ordenar la celebración de vista. Más aún cuando el peticionario alega que en el caso DAC 94-0834 ■■■ *"se han celebrado vistas sobre nombramiento de defensor judicial, cuyo resultado dependerá de la evaluación que haga la Clínica de Diagnóstico y Tratamiento de la O.A.T."*

Más adelante señala que independientemente de que se haya adjudicado el asunto, debió celebrarse vista o utilizar un facultativo médico independiente. El asunto fue planteado y dilucidado por el tribunal a base de informes y conferencias con los abogados de ambas partes, sin que surgiera objeción alguna de parte del peticionario, por lo que entendemos que no se cometió este error.

## III

Alega en su sexto planteamiento de error, que no procede la imposición de honorarios de abogado ya que no ha sido temerario. La Ley de Sustento de Menores, en su Art. 22, establece el pago de honorarios de abogado a favor del alimentista cuando éste prevalezca. No se trata de que deba existir una determinación previa de temeridad, sino de que es una partida que está incluida en el concepto de alimentos de los menores. *Guadalupe Viera v. Morell,* 115 D.P.R. 4, 14 (1983).

Por otro lado, la Ley de Sustento de Menores, en su Art. 17, establece que de negarse a descubrir o por contestar en forma evasiva las preguntas formuladas como parte del descubrimiento de prueba, se podrá imponer honorarios de abogado. Vemos que el tribunal tiene la facultad para imponer honorarios de abogado no sólo como sanción, sino también como parte de los alimentos a conceder. No se cometió el error aquí señalado.

Por las razones antes expresadas, expedimos el recurso de *certiorari* ante nuestra consideración, revocamos la determinación del tribunal imponiendo la pensión alimentaria y devolvemos el recurso al tribunal de Primera Instancia para que continúen los procedimientos de manera compatible con esta sentencia.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 140

1. Ley Núm. 5 del 30 de diciembre de 1986, según enmendada; 8 L.P.R.A. secs. 501 y sigs.

2. Ver pág. A-11 del apéndice presentado por la recurrida.

3. Anejo VI, pág. A-12 del apéndice de la recurrida.

4. Anejo XVI, pág. A-43 del apéndice de la recurrida.

5. La Examinadora expresó en la misma:

*"El demandado, pretende ahora, mediante moción cuestionar la fijación de la pensión alimentaria y que se modifique la misma cuando ni tan siquiera justifica las razones por las cuales incompareció a la vista de alimentos que se celebró en su ausencia.*

*Por todo lo antes expuesto y considerando que en ningún momento el demandado ha sido diligente al presentar su caso ni excusó su incomparecencia a la vista de alimentos y que, además, el propio Tribunal determinó que el demandado renunció voluntariamente a su trabajo, nos parece que todo ello constituye razón suficiente para que la pensión alimentaria, según dispuesta por el Honorable Tribunal, permanezca en vigor."*

6. Art. 19 de la Ley de Sustento de Menores, 8 L.P.R.A. sec. 518.

**7.** Continental Ins. Co., *supra.*

**8.** Art. 19 de la Ley de Sustento de Menores, *supra.*

**9.** A tales efectos véanse los anejos VI y VII, págs. 1215 del apéndice de la recurrida.

**10.** Anejo VI, págs. A-12 a A-13 del apéndice de la recurrida.

**11.** Entendemos que la numeración del caso correcta es DAC94-0836, sobre liquidación de bienes gananciales.