En el Tribunal Supremo de Puerto Rico

| EFRAIN VELEZ BORGES Y OTROS<br>    Demandante-Peticionaria<br><br>    .V<br><br>BOY SCOUTS OF AMERICA PUERTO RICO COUNCIL<br><br>    Demandado-Recurrido | DESPIDO ILEGAL<br><br>TSPR98-55 |
| --- | --- |

Número del Caso: CC-97-0523 EFRAIN VELEZ BORGES V. BOY SCOUTS OF AMERICA

Abogados Parte Peticionaria: LCDO. VICTOR P. MIRANDA CORRADA
LCDO. PEDRO PURCELL RUIZ

Abogados Parte Recurrida: LCDO. ANIBAL LUGO MIRANDA
LCDA. OMAYRA TOLEDO DELA CRUZ

Abogados Parte Interventora:

Tribunal de Instancia: Superior, SALA DE CAROLINA

Juez del Tribunal de Primera Instancia: Hon. HECTOR M. RIVERA GONZALEZ

Tribunal de circuito de Apelaciones: CIRCUITO VII

Juez Ponente: Hon. IGRI RIVERA DE MARTINEZ

Fecha: 5/11/1998

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

EFRAIN VELEZ BORGES, ETC.

    Demandantes-Peticionarios

            vs.                  CC-97-523        CERTIORARI

BOY SCOUTS OF AMERICA, ETC.

    Demandados-Recurridos

PER CURIAM

San Juan, Puerto Rico, a 11 de mayo de 1998.

I

El 10 de octubre de 1995, Efraín Vélez Borges fue despedido de su trabajo en Boy Scouts of America, Puerto Rico Council, Inc. (en adelante, Boy Scouts). Meses más tarde, el 20 de marzo de 1996, Vélez Borges, su esposa, Olga Martínez Esquilín y la sociedad legal de gananciales integrada por ambos, presentaron una reclamación al amparo de la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.*, por despido injustificado contra Boy Scouts y los codemandados Kenneth C. D'Apice y Ronald K. Rogers.[1] Alegaron, además,

---

[1]Estos últimos eran funcionarios de la corporación demandada.

discrimen, violación de contrato y daños y perjuicios. Vélez Borges indicó que trabajó para Boy Scouts desde febrero de 1973. Adujo que en el año 1995, la parte demandada lo suspendió de su empleo sin sueldo por término indefinido.

Pasados los quince días que fija la sección 3 de la Ley Núm. 2, supra, sin que la parte demandada contestara, los demandantes solicitaron al Tribunal de Primera Instancia que dictara sentencia en rebeldía contra los demandados. Posteriormente, la parte demandada contestó la reclamación habida en su contra sin aducir razones que justificaran su dilación. El 2 de mayo de 1996, el foro de instancia denegó la anotación de rebeldía y concedió término a la parte demandada para que justificara su tardanza.

Inconforme, la parte demandante recurrió al Tribunal de Circuito de Apelaciones y alegó que el Tribunal de Primera Instancia había actuado sin jurisdicción. El 30 de octubre de 1996, el foro apelativo dictó sentencia y dejó sin efecto la resolución recurrida. Resolvió en lo pertinente que

> la reclamación al amparo de la Ley Núm. 80, supra, deberá celebrarse en rebeldía bajo el procedimiento sumario que dispone la Ley Núm. 2, supra. El tribunal de instancia deberá celebrar vista para determinar la liquidez de la mesada [adeudada] y de cualquier otra reclamación salarial. El resto de las reclamaciones formuladas tanto bajo la Ley [Núm.] 100 como por violación de contrato y angustias mentales de la codemandante, deberán ser dilucidadas mediante el procedimiento ordinario.

Devuelto el caso al Tribunal de Primera Instancia, éste celebró una vista el 14 de febrero de 1997 con arreglo a lo

ordenado por el Tribunal de Circuito de Apelaciones. Luego de haber examinado detenidamente las alegaciones de la demanda y la evidencia presentada por las partes, el 14 de marzo de 1997, el foro de instancia dictó resolución y sentencia parcial final. Condenó a Boy Scouts a pagar a Vélez Borges la cantidad de $12,052.51, más intereses legales y la suma de $3,977.32 en concepto de honorarios de abogado.

Inconforme con esa determinación, el 9 de mayo de 1997, Boy Scouts interpuso un recurso de apelación ante el Tribunal de Circuito de Apelaciones.[2] Sostuvo que el foro de instancia había errado al no celebrar la vista en rebeldía, tal como lo había ordenado el Tribunal de Circuito en su sentencia del 30 de octubre de 1996. Indicó que el Tribunal de Primera Instancia decidió que no celebraría la vista para resolver en los méritos la causa de acción bajo la Ley Núm. 80.

El 26 de junio de 1997, el foro apelativo dictó sentencia revocatoria. Concluyó que "existía un mandato específico del Tribunal de Apelaciones en el caso KLCE9600508, requiriendo celebrar vista para determinar la liquidez de [la] mesada adeudada y de cualquier otra reclamación salarial" y el foro de instancia "no podía apartarse de tal mandato". En virtud de este dictamen, el

---

[2] Aunque la parte demandada presentó su recurso después de transcurrido el término de diez (10) días que se tiene para solicitar la revisión de una sentencia dictada en rebeldía en un procedimiento bajo la Ley Núm. 2, supra, el Tribunal de Circuito de Apelaciones acogió el recurso aludido porque esa parte demostró que el Tribunal de Primera Instancia nunca le notificó el dictamen recurrido, por lo que no comenzó a correr término alguno.

Tribunal de Circuito nuevamente devolvió el caso al Tribunal de Primera Instancia para la celebración de la vista ordenada.

La parte demandante solicitó la reconsideración del dictamen aludido. Argumentó que el foro de instancia <u>sí había celebrado una vista en su fondo</u>, en la cual se había ofrecido prueba documental según le había ordenado el foro apelativo. No obstante este argumento, el 12 de agosto de 1997, el Tribunal de Circuito de Apelaciones denegó la reconsideración solicitada.

Inconforme con el dictamen aludido, la parte demandante interpuso el presente recurso de *certiorari* el 17 de septiembre de 1997. Sostuvo en lo pertinente que el foro apelativo erró al revocar al Tribunal de Primera Instancia bajo el fundamento de que no se había celebrado la vista antes referida.

Mediante resolución del 21 de noviembre de 1997, le ordenamos a la parte demandada mostrar causa, si alguna tuviere, por la cual no debíamos expedir el auto solicitado y revocar la sentencia del 26 de junio de 1997 y la resolución del 12 de agosto de 1997 del Tribunal de Circuito de Apelaciones y reinstalar la del foro de instancia. En cumplimiento de la orden referida, la parte demandada-recurrida compareció el 22 de diciembre de 1997. Estando en posición de resolver, procedemos a hacerlo.

II

Es norma claramente establecida que cuando se precisa fijar el importe ilíquido de una cuenta, o cuando se precisa fijar la cuantía de daños en un caso ventilado en rebeldía, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas para recibir prueba y poder dictar sentencia. Regla 45.2(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.2(b). Véase además, Rivera v. Insular Wire Products Corp., op. del 24 de mayo de 1996, 140 D.P.R. (1996), 96 J.T.S. 76, a la pág. 1174. Bajo cualesquiera circunstancias en que se tramite un caso en rebeldía, "la cuantía de daños debe ser objeto de prueba". Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 818 (1978). En estos casos, la prueba se limitará a fijar el importe de la cuenta o el importe de los daños sin necesidad de entrar en consideraciones relativas a la responsabilidad ya que el efecto de la rebeldía es que todas la alegaciones o aseveraciones bien hechas se tienen por admitidas. Regla 45.1 de las de Procedimiento Civil, supra; R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, Michie de P.R., 1997, a la pág. 217; J.A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Vol. II, Publicaciones J.T.S., 1979, a la pág. 253. Sabido es que nuestro ordenamiento procesal civil, le reconoce al litigante en rebeldía --que ha comparecido previamente-- el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar a los testigos de la parte

demandante, impugnar la cuantía de daños reclamada y revisar la sentencia. Continental Ins. Co. v. Isleta Marina, supra, a la pág. 817; Hernández Colón, supra, a la pág. 219; Cuevas Segarra, supra, a la pág. 253.

En el caso de epígrafe, la parte demandada-recurrida alega que la vista ordenada por el Tribunal de Circuito en el caso referido para fijar el importe de la mesada adeudada, no se celebró. No tiene razón. De los documentos que obran en autos, surge con claridad que el 14 de febrero de 1997, el Tribunal de Primera Instancia celebró una vista con arreglo a la Regla 45.2(b) citada y al mandato del foro apelativo. Surge, además, que a dicha vista comparecieron ambas partes representadas por sus respectivos abogados. Durante la celebración de la vista referida, el foro de instancia examinó los alegatos de las partes y recibió prueba. Específicamente, de la minuta de la vista aludida surge que la parte demandante-peticionaria presentó en evidencia --sin objeción de la parte adversaria-- una carta suscrita por el codemandado, Kenneth C. D'Apice, ejecutivo de la corporación demandada, dirigida al Sr. Luis Colón del First Bank y fechada el 28 de noviembre de 1995, en la cual constaban los datos suficientes para fijar la cuantía de la indemnización que establece el Artículo 1 de la Ley Núm. 80, supra, 29 L.P.R.A. sec. 185(a).[3] Dicha comunicación revela que Vélez

---

[3] Este artículo 1 de la Ley Núm. 80, supra, dispone en lo pertinente que un empleado despedido de su empleo sin justa causa tendrá derecho a recibir de su patrono, en adición al sueldo que hubiere devengado:

Borges había trabajado para los Boys Scouts por espacio de veintidós (22) años, que devengaba un sueldo anual de $23,800 y que se encontraba en una licencia indefinida.[4] De la minuta referida también surge que el Tribunal, luego de admitida en evidencia la carta antes aludida, consignó que con relación a la reclamación bajo la Ley Núm. 80, supra, dictaría Sentencia Parcial. Específicamente, sobre las causas de acción de discrimen en cumplimiento de contrato, por estar las partes en la etapa de descubrimiento de prueba, fijó para una fecha posterior una vista transaccional y confidencial preliminar.

---

(a) El sueldo correspondiente a un mes por concepto de indemnización; si el despido ocurre dentro de los primeros cinco (5) años de servicio; el sueldo correspondiente a dos (2) meses si el despido ocurre luego de los cinco (5) años hasta los quince (15) años de servicio; el sueldo correspondiente a tres (3) meses si el despido ocurre luego de los quince (15) años de servicio;

(b) una indemnización progresiva adicional equivalente a una semana por cada año de servicio.

[4] El texto de la carta es el siguiente:

Dear Mr. Colón:

I am writing this letter at your request and authorization to verify the employment status of Efraín Vélez.

Mr. Vélez is currently an employee of the Puerto Rico Council, Boy Scouts of America. His salary is $23,800 per year. Mr. Vélez has been employed by the Boy Scouts of America for twenty-two (22) years, and is currently on an indefinite leave of absence.

Sincerely,

(firmado)
Kenneth C. D'Apice
Scout Executive

Obsérvese que surge de la propia evidencia que obra en autos que los demandados-recurridos comparecieron a la vista ordenada por el foro apelativo y allí optaron por no impugnar la carta aludida como prueba ofrecida por la parte demandante-peticionaria. Esta omisión tuvo el efecto de que el Tribunal de Primera Instancia admitiera la carta mencionada como evidencia para determinar el importe de los daños reclamados bajo la Ley Núm. 80, supra. Luego de examinar la carta admitida, estamos de acuerdo con el foro de instancia, en que la información provista en ella, que no fue controvertida por el patrono, era suficiente para fijar el importe referido, sin necesidad de la celebración de otra vista.[5]

En el recurso de epígrafe, estamos ante unas alegaciones erróneas manifestadas por una parte ––aquí recurrida–– al Tribunal de Circuito y ante un foro apelativo que aceptó como válidas las alegaciones erróneas antes referidas. El Tribunal de Circuito dio por buena la afirmación de la parte demandada respecto a la supuesta falta de celebración de la vista y concluyó que el foro de instancia no podía apartarse del mandato que existía en el caso, por lo que revocó la sentencia parcial que establecía la cuantía de la mesada. Un examen cuidadoso del expediente revela que la vista en

---

[5]Como regla general, es admisible toda prueba ofrecida en evidencia que no sea objetada oportunamente. Pueblo v. Millán Meléndez, 110 D.P.R. 171, 180 (1980); Pueblo v. Oquendo, 83 D.P.R. 234, 241 (1961). Véase además, Canales Velázquez v. Rosario Quiles, 107 D.P.R. 757, 764 (1978).

cuestión sí fue celebrada por el Tribunal de Primera Instancia, conforme a lo ordenado y que las alegaciones encontrario de la parte demandada no eran correctas.[6] Es forzoso concluir que el Tribunal de Circuito de Apelaciones erró al revocar el dictamen de instancia.

III

Por los fundamentos antes expuestos, se revoca la sentencia del Tribunal de Circuito de Apelaciones del 26 de junio de 1997. En su lugar, se reinstala la resolución y sentencia parcial final dictada por el Tribunal de Primera Instancia el 14 de marzo de 1997 y se devuelve el caso al foro de instancia para la resolución final del pleito.

---

[6]En su orden de mostrar causa, los recurridos admiten que se celebró la vista referida antes, pero alegan que ella no era propiamente tal porque no desfiló prueba testifical ni se contrainterrogó testigo alguno. Evidentemente, no tienen razón. La peticionaria presentó prueba documental en tal vista y, al no objetarla la parte contraria, dicha prueba era suficiente para establecer el asunto en cuestión. Hubo una vista, pues.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

EFRAIN VELEZ BORGES, ETC.

    Demandantes-Peticionarios

           vs.                    CC-97-523        CERTIORARI

BOY SCOUTS OF AMERICA, ETC.

    Demandados-Recurridos

           SENTENCIA

           San Juan, Puerto Rico, a 11 de mayo de 1998.

           Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente sentencia, se revoca la emitida por el Tribunal de Circuito de Apelaciones el 26 de junio de 1997. En su lugar, se reinstala la resolución y sentencia parcial final dictada por el Tribunal de Primera Instancia el 14 de marzo de 1997 y se devuelve el caso al foro de instancia para la resolución final del pleito.

           Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton concurre sin opinión. El Juez Presidente señor Andréu García y el Juez Asociado señor Corrada del Río no intervinieron.

                          Isabel Llompart Zeno
                       Secretaria del Tribunal Supremo