# 2000 DTA 151

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I DE SAN JUAN
## PANEL III

JAIME J. CAÑELLAS & ASSOCIATES ET ALS.
Demandantes-Recurridos

v.

CAPITOL PLAZA INC., NELSON E. SOTO VELAZQUEZ, ET ALS.
Demandados-Peticionarios

Núm. KLCE-2000-00636

San Juan, Puerto Rico, a 16 de junio de 2000

Panel integrado por su Presidente, Juez Arbona Lago
y los Jueces Cordero y Urgell Cuebas

## TEXTO COMPLETO DE LA RESOLUCION

Comparecen ante nos los codemandados-peticionarios, Lic. Rolando A. Silva, su esposa Sra. Ana M. Sánchez y la sociedad legal de gananciales compuesta por ambos, para solicitar que revisemos la determinación del Tribunal de Primera Instancia, Sala Superior de San Juan, que denegó una moción presentada por ellos para dictar sentencia por las alegaciones. Junto a la solicitud de *certiorari* se unió moción en auxilio a nuestra jurisdicción para que paralicemos el trámite ante Instancia.

**Hechos**

El 22 de diciembre de 1986, Capitol Plaza, Inc. contrató a Jaime J. Cañellas & Associates Inc. como corredor de bienes raíces para promover la venta de 53 apartamentos residenciales a ser desarrollados por Capitol Plaza Inc. mediante la remodelación del antiguo Hotel Capitol. De conformidad al contrato de corretaje, Cañellas recibiría de comisión el 3% del precio de venta de cada apartamento que vendiese.

Para agosto de 1987, Cañellas había otorgado los contratos de pre-venta para los 53 apartamentos, había hecho además las precualificaciones para los respectivos préstamos hipotecarios y solicitado los estados de crédito. Sin embargo, durante el mes de julio de 1988, Capitol Plaza Inc., a través de su secretario y accionista, Lic. Rolando Silva, notificó a Cañellas que se había tomado la decisión de desistir del proyecto. Aunque éste reconoció el esfuerzo de Cañellas, le indicó que como no se venderían los apartamentos, no recibiría las comisiones. Posteriormente, Capitol Plaza Inc. vendió el edificio a Capitol Center Limited Partnership, S.E., para dedicarlo a oficinas.

El 3 de octubre de 1989, Cañellas presentó demanda en contra de Capitol Plaza Inc. y sus accionistas Lic. Rolando A. Silva y Sr. Nelson Soto Velázquez, sus esposas y respectivas sociedades legales de gananciales, reclamando las comisiones alegadamente devengadas bajo el contrato de corretaje y no pagadas. La demanda fue enmendada en una primera ocasión para añadir datos adicionales a una de las alegaciones y por segunda ocasión para incluir parte codemandada a Capitol Center Limited Partnership, S.E.

El 24 de febrero de 1992, el Tribunal de Primera Instancia emitió sentencia parcial desestimando la demanda contra Capitol Center Limited Partnership, S.E. Posteriomente, mediante sentencia parcial de 7 de febrero de 1995, declaró con lugar la demanda contra Capitol Plaza Inc. y le condenó a pagar la suma de $77,760 a favor de Jaime Cañellas, en concepto de comisiones por el trabajo realizado en la preventa de los apartamentos. Las alegaciones respecto a la responsabilidad personal de los codemandados Silva y Soto, sus esposas y sociedades de gananciales se dejó para futura disposición.

El 4 de enero de 1999, la parte demandante solicitó vista sobre el estado de los procedimientos con el objetivo de que se le autorizara continuar con el descubrimiento de prueba en cuanto a descorrer el velo corporativo de la corporación para responsabilizar personalmente a los accionistas codemandandos por la deuda corporativa que no había cobrado de la corporación. En julio de 1999, la parte demandante notificó Interrogatorio y Solicitud de Producción de Documentos a los codemandados y solicitaron conferencia sobre el estado de los procedimientos.

Así las cosas, en febrero de 2000, los codemandados-peticionarios, Lic. Rolando Silva, su esposa y la sociedad de gananciales compuesta por ambos, presentaron Moción para Dictar Sentencia por las Alegaciones, Regla 10.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.3. En síntesis, alegaron que ninguna de las alegaciones de la demanda justificaba hacerlos responsables personalmente de las deudas corporativas.

El Tribunal de Primera Instancia llevó a cabo una conferencia sobre el estado de los procedimientos, el 3 de mayo de 2000, y en la misma declaró NO HA LUGAR la moción para dictar sentencia por las alegaciones en esa etapa del procedimiento. Los codemandados solicitaron reconsideración que fue declarada no ha lugar.

Inconformes, recurren ante nos vía *certiorari,* los codemandados-peticionarios, Lic. Rolando A. Silva, su esposa Sra. Ana M. Sánchez y la sociedad legal de gananciales compuesta por ambos, imputando la comisión de los siguientes errores:

*"Primer Señalamiento de Error: Al no considerarse la solicitud de dictar sentencia por las alegaciones, se abre el procedimiento judicial a una demanda que no satisface los requisitos procesales mínimos de nuestro ordenamiento para iniciar una acción judicial, obligando a los demandantes y al estado a incurrir en costos e inconveniencias injustificadas e innecesarias.*

*Segundo Señalamiento de Error: En la demanda no están presente (sic) ni se alegan los hechos y elementos indispensables para invocar la doctrina de descorrer el velo corporativo, y al permitirse que se continúe con el pleito, se destruye la esencia de la figura de la corporación y la protección que brinda a sus accionistas."*

**Exposición y Análisis**

Alegan los peticionarios que en la demanda no se alegan hechos suficientes para invocar la doctrina que

permite descorrer el velo corporativo y erró el Tribunal de Primera Instancia al denegar su moción para desestimar la demanda por las alegaciones.

Al considerar una moción de desestimación por las alegaciones, al amparo de la Regla 10.3 de las de Procedimiento Civil, Regla 10.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.3, el tribunal debe tomar como ciertas y buenas todas las alegaciones bien hechas en la demanda e interpretarlas lo más liberalmente posible a favor del demandante. *Rivera Flores v. Compañía ABC,* **95 J.T.S. 22,** a las págs. 672-673; *Pressure Vessels P.R. v. Empire Gas P.R.,* **94 J.T.S. 144,** a la pág. 431; *Granados v. Rodríguez Estrada,* 124 D.P.R. 1, 48-49 (1989); *Continental Ins. Co. v. Isleta Marina,* 106 D.P.R. 809, 816 (1978). Sólo desestimará la demanda *"[s]i el promovente no tiene derecho a ningún remedio bajo cualesquiera hechos que él pueda probar en el juicio".* *Granados Navedo v. Rodríguez Estrada, supra; Candal v. C.T. Radiology Office, Inc.,* 112 D.P.R. 227, 231 (1982).

El propósito de las alegaciones de una demanda es notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes. *Dorante v. Wrangler of P.R.,* **98 J.T.S. 49,** a la pág. 857; *Pressure Vessels of Puerto Rico v. Empire Gas of Puerto Rico, supra; Moa v. E.L.A.,* 100 D.P.R. 573, 586 (1972). A este respecto, la Regla 6.5 de Procedimiento civil, 32 L.P.R.A. Ap. III, R. 6.5, dispone que las alegaciones deberán ser sencillas y sucintas. *"Para precisar con exactitud cuáles son las verdaderas cuestiones en controversia y aclarar cuáles son los hechos que deberán probarse en el juicio es imprescindible recurrir a los procedimientos para descubrir prueba".* *Pressure Vessels of Puerto Rico v. Empire Gas of Puerto Rico, supra.*

Al examinar la demanda, a la luz de la normativa expuesta y de la controversia, el foro de instancia encontró las siguientes alegaciones:

*"4. El demandado Nelson E. Soto Velázquez es Presidente, accionista e integrante de la Junta de Directores de Capitol Plaza Inc. y junto al demandado Rolando A. Silva -también accionista e integrante de la Junta de Directores de Capitol Plaza Inc. -hicieron representaciones, contrajeron compromisos y obligaciones por sí y a nombre de Capitol Plaza, Inc., frente al demandante Jaime J. Cañellas y a J.J. Cañellas & Associates, Inc. según se describen en esta demanda.*

*7. Capitol Plaza Inc. es un alter ego de los codemandados Sr. Nelson E. Soto Velázquez y Sr. Rolando A. Silva, así como de sus respectivas esposas y sociedades de gananciales."*

Como queda señalado, al amparo de la Regla 10.3 de Procedimiento Civil, *supra,* distinto a la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, que gobierna el trámite de la sentencia sumaria, Instancia tenía que considerar como cierta toda alegación fáctica en la demanda que se considere bien hecha, entre las que ciertamente se encuentran las alegaciones número 4 y 7, antes citadas.

Por tal razón, actuó correctamente el Tribunal de Primera Instancia al denegar la moción de desestimación por las alegaciones.

Como se sabe, la denegatoria en cuanto a expedir el auto de *certiorari,* así como el denegar una moción al amparo de la Regla 10.3 de Procedimiento Civil, *supra,* en nada prejuzga los méritos del asunto o la cuestión planteada, pudiendo ello ser reproducido nuevamente mediante el correspondiente recurso. *Núñez Borges v. Pauneto Rivera,* 130 D.P.R. 749, 755-756 (1992).

## Dictamen

Conforme a lo señalado, se deniega la solicitud de *certiorari* y la moción en auxilio de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria General.