ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| RALPHIE R. PÉREZ AGOSTO<br><br>Apelado<br><br>vs.<br><br>VÍCTOR OVALLE POLANCO<br><br>Apelante | KLAN202300427 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: HU2019CV01610<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Este recurso de Apelación se presentó el pasado 12 de mayo de 2023. En el documento que presenta el Sr. Víctor Ovalle Polanco (aquí Apelante) originalmente, no se cumplió con la Reglamentación requerida para completar un trámite de un Recurso de apelación.

Se le concedió a la parte peticionaria un término de **diez (10)** días, contados desde la notificación de la Resolución del pasado 17 de mayo de 2023, para acreditar haber cumplido en el presente recurso con todos los requerimientos de conformidad con la Regla 16 del Reglamento de este Tribunal de Apelaciones. (4 LPRA Ap. XXII-B, R.16).

En moción presentada por la parte recurrente el pasado 26 de mayo de 2023 y titulada Moción en Cumplimiento de Orden, incluyó aquellos documentos básicos para completar un Recurso de Apelación ante este Tribunal de Apelaciones.

Número Identificador

SEN2023 _____

Prescindimos de requerir la comparecencia de la parte apelada.[1]

Al evaluar la Petición corregida según nuestra orden no vemos necesidad de trámite ulterior y procedemos a resolver la Apelación.

## I.

Este caso se presenta en el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante TPI), el 15 de diciembre de 2019, por la parte demandante Ralphie R. Pérez Agosto, aquí apelado. En esa demanda se reclamaba $5,976.75 por concepto de servicios legales prestados por el aquí apelado al apelante. La parte aquí apelada se amparó en la Regla 60 de las de Procedimiento Civil vigentes, 32 L.P.R.A. Ap. V, Regla 60.

Luego de múltiples trámites procesales, el 19 de junio de 2022, el TPI autorizó diligenciar emplazamiento por edicto al ahora apelante y convirtió el caso a un trámite de cobro por vía ordinaria. El 27 de enero de 2023, se publicó el edicto en un periódico de circulación general. La parte apelante no compareció al TPI hasta el 5 de abril de 2023, mediante Moción de Reconsideración, luego de dictada una Sentencia en su contra el 17 de marzo de 2023.

Mediante orden del TPI emitida el 12 de abril de 2023 y notificada el 14 de abril de 2023, se le declaró No Ha Lugar a su solicitud de Reconsideración. El apelante presenta otra reconsideración el 14 de abril de 2023 y el TPI emite el 18 de abril de 2023 otro No Ha Lugar y le añade: De no estar conforme, debe recurrir al Tribunal de Apelaciones. El 12 de mayo de 2023 presenta este recurso incompleto y mediante Resolución del

---

[1] 4 LPRA Ap. XXII-B, R. 7 (B) (5).

pasado 17 de mayo de 2023, se le concedieron diez días para acreditar haber cumplido en el presente recurso con todos los requerimientos de conformidad con la Regla 16 del Reglamento de este Tribunal de Apelaciones. (4 LPRA Ap. XXII-B, R.16).

El pasado 26 de mayo de 2023 con el título Moción en Cumplimiento de Orden, incluyó aquellos documentos básicos para completar un Recurso de Apelación ante este Tribunal de Apelaciones.

Al evaluar la petición según corregida, entendemos innecesario un trámite ulterior.

## II.

### A.

El emplazamiento es un procedimiento establecido en nuestro ordenamiento procesal civil y el mismo es de orígenes constitucionales. Ello debido a que tiene como finalidad salvaguardar el derecho a un debido proceso de ley. Cónsono con lo anterior, es por medio del emplazamiento que no sólo se le notifica adecuadamente a la parte contraria las acciones en su contra, para que así tenga la oportunidad de ser oído y defenderse, sino que también le permite al tribunal adquirir jurisdicción sobre la persona del demandado. *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005); *León v. Rest. El Tropical*, 154 DPR 249, 257-258 (2001); *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 913 (1998); *Peguero y otros v. Hernández Pellot*, 139 DPR 487, 494 (1995). A esos efectos, nuestra jurisprudencia ha reiterado que el emplazamiento representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial y su adulteración constituye una flagrante violación al trato justo. *Lucero v. San Juan Star*, 159 DPR 494, 507 (2003).

Dado a la envergadura de este trámite procesal, es que **nuestro ordenamiento exige un cumplimiento estricto de los requisitos establecidos por las Reglas de Procedimiento Civil para diligenciar el emplazamiento.** De estos no satisfacerse el tribunal no adquirirá jurisdicción sobre la persona demandada. *Lucero v. San Juan Star, supra; First Bank of P.R. v. Inmob. Nac., Inc.*, *supra*, pág. 914; *Rodríguez v. Nasrallah*, 118 DPR 93, 98-99 (1986). (Énfasis nuestro).

La Sección 7 del Artículo II de la Constitución de Puerto Rico, al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos, garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. El debido proceso de ley tiene dos vertientes, la sustantiva y la procesal. "[E]l debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo." *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.*, 118 DPR 219 (1987).

Para garantizar las exigencias mínimas del debido proceso de ley todo procedimiento adversativo debe satisfacer lo siguiente: 1) notificación adecuada del proceso; 2) proceso ante un juez imparcial; 3) oportunidad de ser oído; 4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; 5) asistencia de abogado; y 6) que la decisión se base en la evidencia presentada y admitida en el juicio. *Hernández v. Secretario*, 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, supra, pág. 889.

La característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo. *Rivera*

*Santiago v. Srio. de Hacienda*, 119 DPR 265, 274 (1987).   Así lo ha expresado el Tribunal Supremo de Puerto Rico:

> La garantía esencial de la cláusula de debido proceso es que sea justa. El procedimiento debe ser fundamentalmente justo al individuo en la resolución de los hechos y derechos que sirven de base para aquellas acciones gubernamentales que le privan de su vida, libertad o propiedad. Si bien situaciones diferentes pueden imponer diferentes tipos de procedimientos, siempre está el requisito general de que el proceso gubernamental sea justo e imparcial. Id., citando a R. D. Rotunda, J. E. Nowak y J. N. Young, Treatise on Constitutional Law: Substance and Procedure, Minnesota, West Pub. Co., 1986, Sec. 17.8.

No obstante, la garantía del debido proceso de ley en su vertiente procesal no es un molde riguroso que se da en el abstracto, su naturaleza es eminentemente circunstancial y pragmática, no dogmática. *P.A.C. v. E.L.A*. I, 150 DPR 359, 377 (2000); *Fac. C. Soc. Aplicadas, Inc. v. C.E.S*., 133 DPR 521, 542 (1993). "Cada caso exige una evaluación concienzuda de las circunstancias envueltas." P.A.C. v. E.L.A. I, supra, pág. 376.

Se ha establecido que los procedimientos en rebeldía conllevan que se estimen por aceptadas todas las alegaciones en la demanda. *Rivera v. Insular Wire Products Corp*., 140 DPR 912, 931 (1996).   Ahora bien, lo anterior no significa que se admitirán todos los hechos y todos los remedios reclamados sin más consideración, pues la Regla 45.2 de Procedimiento Civil, *supra,* dispone  que "[s]i para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que sean necesarias y adecuadas…" antes de dictar la sentencia en rebeldía.   **Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha**

**parte será notificada del señalamiento de cualquier vista en rebeldía que se celebre**.  (Énfasis nuestro).  32 LPRA Ap. V, R. 45.2.

**B.**

La Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1, establece los plazos para presentar alegaciones responsivas. Dicha Regla dispone en lo aquí pertinente, como sigue:

> **Una parte demandada que se encuentre en Puerto Rico deberá notificar su contestación dentro de treinta (30) días de habérsele entregado copia del emplazamiento y de la demanda** o de haberse publicado el edicto, si el emplazamiento se hizo conforme a lo dispuesto en la Regla 4.6 de este apéndice.  […] (Énfasis nuestro).

Por otra parte, es norma ampliamente conocida que nuestro ordenamiento jurídico permite que el tribunal *motu proprio* o a solicitud de parte, le anote la rebeldía a una parte por no comparecer a contestar la demanda o a defenderse como estipulan las reglas, o como sanción. *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 100 (2002).  En ambas circunstancias, el efecto de la anotación es que se dan por ciertos los hechos que están correctamente alegados.  Regla 45.1 de las de Procedimiento Civil, *supra; Bco. Popular v. Andino Solís*, 192 DPR 172 (2015).

El propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación.  La rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal.  *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587-588 (2011); Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V.

Según surge de la Regla 45.1, *supra,* uno de los fundamentos para que proceda la anotación de rebeldía a una

parte es cuando esta no presenta alegaciones responsivas dentro del término concedido por ley o por un tribunal competente, aun habiendo comparecido previamente mediante alguna moción sin que surja la intención clara de defenderse. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 588. Un tribunal podría dejar sin efecto la anotación de rebeldía cuando la parte promovente incumple con la Regla 45.1 de Procedimiento Civil, *supra*; a modo de ejemplo, cuando la otra parte no fue debidamente emplazada o por error del tribunal. Id. págs. 592–593.

La Regla 45.1 de Procedimiento Civil, supra, establece que la anotación de rebeldía tiene como consecuencia que se den por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde, y autoriza al tribunal para que dicte sentencia si es que procede como cuestión de derecho. Id., pág. 590. La Regla 45.3 de Procedimiento Civil dispone que el tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada y cuando se haya dictado sentencia en rebeldía podrá dejarla sin efecto de acuerdo a la Regla 49.2, 32 LPRA Ap. V.

El trámite en rebeldía se fundamenta en la obligación de los tribunales de evitar que la adjudicación de causas se paralice simplemente por el simple hecho de que una parte opte por detener el proceso de litigación u opta por no defenderse. *Vizcarrondo Morales v. MVM, Inc*., 174 DPR 921, 931 (2008); *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 817 (1978). Siendo esto así, la anotación de rebeldía es "un remedio coercitivo contra la parte adversaria cuando, a pesar de tener la oportunidad de refutar la reclamación, por su pasividad o temeridad, opta por no defenderse". *Álamo v. Supermercado Grande, Inc.,* supra.

De otra parte, La Regla 42.4 de Procedimiento Civil, *supra*, dispone lo siguiente:

> Toda sentencia concederá el remedio a que tenga derecho la parte a cuyo favor se dicte, aun cuando ésta no haya solicitado tal remedio en sus alegaciones. **Sin embargo, una sentencia en rebeldía no será de naturaleza distinta ni excederá en cuantía a lo que se haya pedido en la solicitud de sentencia.** (Énfasis nuestro)

En referencia al remedio a concederse por el tribunal al dictar una sentencia, la Regla 42.4 dispone que el mismo será aquel remedio a que tenga derecho la parte a cuyo favor se dicte. Es decir, que, aunque la parte promovente no invoque un remedio particular o específico, el tribunal podrá conceder el remedio que proceda en derecho. No obstante, en los casos de sentencias dictadas en rebeldía, la Regla 42.4 establece unos parámetros al limitar el remedio a la naturaleza de la causa de acción que se invoca y, además, limita la cuantía en casos de cobro o de fijación de cuentas a la cuantía que se haya pedido en la solicitud de sentencia.

### III.

En la controversia que nos ocupa, el apelante expone lo que surge de los autos del caso, que como parte demandada nunca compareció al pleito hasta que recibió la Sentencia que emitió el TPI, lo que ocurre luego del TPI adquirir jurisdicción sobre la persona del apelante a través del diligenciamiento del emplazamiento por edictos, pero el apelante, claramente enterado de un trámite en su contra, nunca compareció al caso en el Tribunal a defenderse.

El diligenciamiento del emplazamiento por edictos se dirige a la misma dirección del apelante que este admite que recibió la sentencia y que indica como su dirección en la apelación.

No vemos ningún error en el trámite del caso por el TPI, es un caso sencillo, que se debe haber atrasado por la pandemia mundial decretada en el año 2020, como todo trámite pendiente en nuestros tribunales en ese momento. Ello atrasó el caso, pero, para beneficio del apelante que ahora pretende escudarse en viajes y otras excusas para pedir que se le deje sin efecto una rebeldía correctamente anotada y una Sentencia correctamente dictada que procede confirmarse.

Con esa corrección en el trámite, no procede nada que no sea confirmar la sentencia que emitió el TPI.

**IV.**

Por las razones previamente expuestas, las que hacemos formar parte de esta Sentencia, se confirma la Sentencia contra la que aquí se recurre mediante este recurso de apelación.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones