Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| KAREN IVELISSE CRUZ ROSA<br><br>RECURRIDA<br><br>v.<br><br>ARNALDO LUIS CRUZ SANTIAGO<br><br>PETICIONARIO | KLCE202400405 | *Apelación acogida como certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2022CV08874<br><br>Sobre: Acción de Cobro de Dinero (Acción de Reembolso) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero, y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de abril de 2024.

## I.

El 1 de abril de 2024, el señor Arnaldo Luis Cruz Santiago (señor Cruz Santiago o peticionario) presentó un *Recurso de apelación* en el que solicitó que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) el 23 de febrero de 2024, notificada y archivada digitalmente en autos el 27 de febrero de 2024.[1] En la misma, el TPI ordenó que se anotara la rebeldía del señor Cruz Santiago en el procedimiento de cobro de dinero promovido en su contra por la señora Karen Ivelisse Cruz Rosa (señora Cruz Rosa o recurrida).

Ese mismo día, el peticionario radicó una *Solicitud de autorización para radicación posterior y para radicar una sola copia del apéndice* en la que pidió que permitiéramos que radicara una

---

[1] Apéndice del *Recurso de apelación*, Anejo 21, pág. 33.

sola copia del apéndice del caso, debido a la extensión del expediente y el costo que implicaría su reproducción.

El 3 de abril de 2024, emitimos una *Resolución* en la que acogimos el recurso como un *certiorari*, al ser el recurso apropiado. Además, le concedimos al apelante un breve término para presentar el apéndice del recurso mediante una copia documental y cuatro (4) copias en dispositivos USB, y le otorgamos a la recurrida un término de diez (10) días, a partir de la presentación del apéndice, para expresar su posición sobre los méritos del recurso.

El 5 de abril de 2024, el señor Cruz Santiago presentó una moción titulada *Cumplimiento de resolución* en la que sometió el apéndice de la forma ordenada por esta Curia.

El 8 de abril de 2024, emitimos una *Resolución* en la que le concedimos diez (10) días a la recurrida para expresarse sobre los méritos del recurso.

El 22 de abril de 2024, la señora Cruz Rosa radicó un *Escrito en oposición a expedición de auto de certiorari* en el que solicitó que desestimemos el recurso de epígrafe.

Contando con la comparecencia de las partes, damos por perfeccionado el recurso y, en adelante, pormenorizamos los hechos procesales atinentes al recurso de epígrafe.

**II.**

El caso de marras tiene su génesis el 10 de octubre de 2022 cuando la señora Cruz Rosa presentó una *Demanda* sobre cobro de dinero en contra del señor Cruz Santiago para recobrar cantidades que le correspondía pagar al peticionario en la atención de un menor, procreado por ambas partes, y que tuvo que satisfacer la recurrida.[2] En concreto, solicitó que se le ordenara pagar $8,753.60 por concepto de dichas partidas, así como los intereses que

---

[2] Íd., Anejo 1, págs. 1-3.

correspondiesen, y no menos de $5,000.00 por concepto de honorarios de abogado.

El 30 de noviembre de 2022, el peticionario radicó una *Solicitud de prórroga* en la que solicitó un término adicional de treinta (30) días para contestar la *Demanda*, toda vez que su representación legal había sido contratada con poco tiempo de antelación y algunos de los hechos que dieron pie a la reclamación ocurrieron varios años antes.[3]

Ese mismo día, el TPI emitió, notificó y archivó digitalmente en autos una *Orden* en la que declaró Ha Lugar la petición de prórroga y le concedió al señor Cruz Santiago un término de treinta (30) días para presentar su alegación responsiva.[4]

El 5 de diciembre de 2022, el señor Cruz Santiago presentó una *Contestación a demanda* en la que negó los hechos materiales según propuestos por la recurrida y solicitó al foro primario que declarara No Ha Lugar la *Demanda*.[5]

El 6 de diciembre de 2022, el TPI emitió, notificó y archivó digitalmente en autos una *Orden* en la que le concedió a las partes un término de treinta (30) días para reunirse y presentar un informe de manejo de caso, así como intercambiar toda la prueba documental en su poder.[6]

Luego de múltiples trámites procesales, el 3 de mayo de 2023, las partes presentaron un *Informe conjunto para el manejo del caso* en el que sometieron al foro primario el informe requerido.[7]

El 4 de mayo de 2023, el TPI emitió, notificó y archivó digitalmente en autos una *Orden* en la que señaló una Conferencia inicial mediante videoconferencia para el 24 de agosto de 2023.[8]

---

[3] Íd., Anejo 2, págs. 4-5.
[4] Íd., Anejo 3, pág. 6.
[5] Íd., Anejo 4, págs. 7-10.
[6] Íd., Anejo 5, pág. 12.
[7] Íd., Anejo 7, págs. 13-17.
[8] Íd., Anejo 8, pág. 18.

El 17 de julio de 2023, el TPI emitió una *Orden* en la que consignó lo siguiente:

> El caso de epígrafe fue recientemente asignado a la Magistrada que suscribe. Por tal razón y por entenderlo innecesario, se deja sin efecto el señalamiento de conferencia inicial, pautado para el 24 de agosto de 2023. En su lugar, el Tribunal evaluará el contenido y suficiencia del IMC [Informe del Manejo del Caso] presentado y emitirá de manera oportuna la orden de calendarización que corresponda.[9]

El 21 de julio de 2023, el TPI emitió una *Orden de calendarización del caso y orden permanente* en la que, entre otras cosas, señaló la Conferencia con antelación a juicio y transaccional para el 5 de diciembre de 2023, mediante videoconferencia.[10] .

Llegado el 5 de diciembre de 2023, ninguna de las dos partes acudió a la conferencia señalada, lo cual quedó consignado en una *Minuta*.[11]

Ante la incomparecencia de las partes, ese mismo día, el TPI emitió una *Orden* en la que, en vista de que el caso no había estado activo por más de seis (6) meses, le concedió a la apelada un término de diez (10) días para mostrar causa por la que no se debía ordenar el archivo sin perjuicio de la *Demanda*.[12] También, emitió una *Notificación enmendada* en la que notificó una *Orden* en la que ordenó que ambas partes cancelaran los sellos de suspensión correspondientes en un término de cinco (5) días.[13] De igual manera, emitió otra *Orden* en la que le impuso a cada una de las partes una sanción de $75.00 por la incomparecencia al señalamiento.[14]

El 18 de diciembre de 2023, la señora Cruz Rosa radicó una *Moción en cumplimiento de orden* en la que informó que la ausencia

---

[9] Notificada y archivada digitalmente en autos el 21 de julio de 2023. Íd., Anejo 9, pág. 19.

[10] Notificada y archivada digitalmente en autos el 1 de agosto de 2023. Íd., Anejo 10, págs. 20.

[11] Íd., Anejo 14, pág. 25.

[12] Notificada y archivada digitalmente en autos el 6 de diciembre de 2023. Íd., Anejo 11, pág. 22.

[13] Notificada y archivada digitalmente en autos el 18 de diciembre de 2023. Íd., Anejo 12, pág. 23.

[14] Notificada y archivada digitalmente en autos el 6 de diciembre de 2023. Íd., Anejo 13, pág. 24.

a la conferencia con antelación a juicio se debió al retraso de una vista de otro caso.[15]

El 16 de enero de 2024, el TPI emitió una *Orden* en la que dio por cumplida su orden imponiendo el pago de sanciones y sello de suspensión a la recurrida.[16]

Ese mismo día, emitió otra *Orden* en la que determinó que el peticionario no cumplió con la imposición del pago de sellos de suspensión, ni con la sanción de $75.00.[17] Por ello, le concedió diez (10) días para cumplir, apercibiéndole de que otro incumplimiento conllevaría la anotación de rebeldía o sanciones más severas.

Ante el incumplimiento de la parte peticionaria, el 23 de febrero de 2024, el TPI emitió una *Orden* en la que resolvió lo siguiente:

> Evaluado el caso de epígrafe y ante el incumplimiento reiterado de la parte demandada con las [ó]rdenes del Tribunal, se ordena la anotación de la rebeldía.
> Parte Demandante informe el estado de los procedimientos del caso en o antes del 18 de marzo de 2024.[18]

El 19 de marzo de 2024, la recurrida presentó una *Moción en cumplimiento de orden* en la que expresó que el descubrimiento de prueba había concluido y anunció que estaría presentando una solicitud para que se dictara sentencia, acompañada de una declaración jurada.[19]

El 20 de marzo de 2024, el TPI emitió una *Orden* en la que le concedió a la recurrida un término de veinte (20) días para proceder según informó.[20]

---

[15] Íd., Anejo 16, págs. 27-28.
[16] Notificada y archivada digitalmente en autos el 18 de enero 2024. Íd., Anejo 19, pág. 31.
[17] Notificada y archivada digitalmente en autos el 19 de enero de 2024. Íd., Anejo 20, pág. 32.
[18] Notificada y archivada digitalmente en autos el 27 de febrero de 2024. Íd., Anejo 21, pág. 33.
[19] Íd., Anejo 22, págs. 34-35.
[20] Notificada y archivada digitalmente en autos el 21 de marzo de 2024. Íd., Anejo 23, pág. 36.

El 1 de abril de 2024, el señor Cruz Santiago presentó el recurso de epígrafe y le imputó al foro primario la comisión del siguiente error:

ERRÓ EL TPI AL ANOTAR LA REBELDÍA AL APELANTE SIN UTILIZAR MEDIDAS MENOS DRÁSTICAS.

Es su posición que el TPI no le dio oportunidad de ser escuchado, no exploró otras medidas menos drásticas y obvió un incumplimiento más serio por parte de la señora Cruz Rosa.

El 2 de abril de 2024, la recurrida radicó ante el TPI una *Moción en cumplimiento de orden* en la que sometió la declaración jurada y su petición de sentencia.[21]

El 22 de abril de 2024, la señora Cruz Rosa radicó un *Escrito en oposición a expedición de auto de certiorari* en el que solicitó que desestimemos el presente recurso por falta de jurisdicción. Según arguyó, el recurso fue presentado tardíamente, lo cual privaría a esta Curia de jurisdicción para ejercer su función revisora. Planteó que la determinación recurrida fue notificada a las partes el **martes, 27 de febrero de 2024** y, por ello, el peticionario tenía hasta el **jueves, 28 de marzo de 2024** para presentar el recurso, lo cual no hizo hasta el **lunes, 1 de abril de 2024**.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

---

[21] Íd., Anejo 24, págs. 37-39.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1,[22] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.,*** 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.*[23]

---

[22] Esta Regla dispone que:
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[23] Esta Regla dispone lo siguiente:
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

**B.**

La anotación de rebeldía es una de las sanciones que el Tribunal puede imponer a las partes. La Regla 45.1 de Procedimiento Civil, *supra*, R. 45.1, regula lo pertinente a dicha sanción. Conforme a ésta, los tribunales, a iniciativa propia o solicitud de una parte, pueden anotar la rebeldía a una parte que no comparezca a pesar de haber sido emplazada. *Íd.* Dicha sanción está reservada para aquellos casos en los cuales el demandado no ha cumplido con el requisito de comparecer a contestar una demanda, no ha presentado sus defensas en otra forma prescrita por ley o cuando una de las partes ha incumplido con algún mandato del tribunal. ***Rivera Figueroa v. Joe's European Shop***, *supra*, pág. 588; ***Álamo Pérez v. Supermercados Grande, Inc.***, 158 DPR 93, 100 (2002). El propósito de esta sanción es desalentar la dilación en los procesos judiciales. ***Rivera Figueroa v. Joe's European Shop***, *supra*.

La anotación de rebeldía tiene como consecuencia jurídica que se den por admitidos los hechos correctamente alegados en la demanda y que el Tribunal de Primera Instancia pueda dictar sentencia, si procede como cuestión de derecho. *Íd.* pág. 590; ***González Pagán v. SLG Moret-Brunet,*** 202 DPR 1062, 1069 (2019); ***Álamo Pérez v. Supermercados Grande, Inc.,*** *supra,* pág. 101; ***Continental Ins. Co. v. Isleta Marina***, 106 DPR 809, 815

---

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

(1978). Sin embargo, ello no garantiza que la parte promovente habrá de obtener un dictamen favorable dado que el trámite en rebeldía no priva al tribunal de evaluar si, en virtud de los hechos no controvertidos existe efectivamente una causa de acción que amerite la concesión de un remedio. ***Ocasio v. Kelly Servs. Inc.,*** 163 DPR 653, 671-672 (2005); ***Continental Ins. Co. v. Isleta Marina***, *supra*, pág. 817.

"La anotación de rebeldía o el dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". ***Rivera Figueroa v. Joe's European Shop***, *supra*, pág. 590.

### IV.

En el caso de marras, el señor Cruz Santiago solicita que revoquemos una *Orden* interlocutoria en la que el TPI anotó su rebeldía por incumplir con dos órdenes previas al no satisfacer una sanción de $75.00, ni cancelar sellos de suspensión tras ausentarse a una vista debidamente señalada. Según planteó, el foro primario erró al anotar la rebeldía sin darle la oportunidad de ser escuchado y sin explorar medidas menos drásticas. También, adujo que la señora Cruz Rosa no demostró justa causa por la que no debía archivarse la *Demanda* por falta de trámite, incumpliendo así una *Orden* emitida por el TPI el 5 de diciembre de 2023. Ese incumplimiento era más serio que el suyo, argumentó.

Por su parte, la señora Cruz Rosa plantea que esta Curia debe desestimar el recurso de epígrafe porque su presentación fue tardía, lo cual nos privaría de asumir jurisdicción sobre el mismo. Según esbozó, la determinación recurrida fue notificada el **martes, 27 de febrero de 2024** y, por ello, el peticionario tenía hasta el **jueves, 28 de marzo de 2024** para presentar el recurso ante este Tribunal, lo

cual no hizo hasta el **lunes, 1 de abril de 2024**. No le asiste la razón. Si bien los treinta (30) días para recurrir ante esta Curia culminaban el **jueves, 28 de marzo de 2024**, ese día el Tribunal de Apelaciones estaba cerrado por disposición administrativa como día de cierre total, mientras que el próximo día, el **viernes, 29 de marzo de 2024**, era día feriado.[24] Por esa razón, el último día para presentar el recurso de epígrafe era el **lunes, 1 de abril de 2024**, fecha en que se radicó, porque el término debía ser extendido hasta el siguiente día laborable. De esta forma, el recurso fue presentado oportunamente y poseemos jurisdicción para atenderlo.

Tras un análisis objetivo, sereno y cuidadoso del recurso presentado ante nos, resolvemos que debemos abstenernos de ejercer nuestra función revisora.

De un examen sosegado del expediente del caso ante nuestra consideración, así como de los trámites ante el foro primario, no atisbamos error que amerite nuestra intervención. No surge de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción al anotar la rebeldía del señor Cruz Santiago. Por el contrario, del expediente del caso, surge claramente que el peticionario no cumplió con las órdenes claras y sanciones específicas que el foro primario le impuso por previos incumplimientos. Cabe destacar que el TPI apercibió al peticionario sobre las sanciones más severas que tomaría ante reiterados incumplimientos, entre las que incluyó la anotación de rebeldía. Ante los múltiples incumplimientos del señor Cruz Santiago, apercibimientos y la imposición de sanciones, resolvemos que la determinación recurrida es esencialmente correcta en derecho, por

---

[24] Véanse *In re: Extensión de términos por motivo de concesión de los días 28 de marzo, 26 de julio, 29 de noviembre, 23, 24, 30 y 31 de diciembre de 2024; 17 de abril, 28 de noviembre, 24 y 31 de diciembre de 2025 y 5 de enero de 2026,* EM-2024-01, 2024 TSPR 2, y la Orden Administrativa Núm. OAJP-2023-111 de 16 de octubre de 2023 de la Jueza Presidenta del Tribunal Supremo.

lo que no debemos intervenir con el criterio del foro primario. Por ello, denegamos el recurso de *certiorari* solicitado por el peticionario.

**V.**

Por los fundamentos pormenorizados, se *deniega* la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones