Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| CHRISTOPHER QUIÑONES TORO<br><br>Apelado<br><br>v.<br><br>RAMÓN LUIS TORRES FELICIANO<br><br>Apelante | KLAN202400944 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Juana Díaz<br><br>Civil núm.: YU2024CV00160<br><br>Sobre: Cobro de Dinero (Ordinario) |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Comparece ante este tribunal apelativo, el Sr. Ramón Luis Torres Feliciano (señor Torres Feliciano o el apelante) mediante el recurso de apelación del epígrafe y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Juana Díaz (TPI), el 15 de agosto de 2024, notificada el 19 de agosto siguiente. En este dictamen, el foro primario declaró *Ha Lugar* a la demanda instada por Christopher Quiñones Toro (señor Quiñones Toro o el apelado).

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

**I.**

El 27 de marzo de 2024, el señor Quiñones Toro instó una *Demanda* sobre cobro de dinero bajo el procedimiento sumario de la Regla 60 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 60.[1] En esencia alegó que, para agosto de 2022, le prestó un vehículo de

---

[1] Véase, Apéndice del Recurso, Anejo 1, a las págs. 1-4.

motor al señor Torres Feliciano, y este asumió la responsabilidad de realizar los pagos mensuales del mismo. Detalló que el apelante realizó los pagos correspondientes a los meses de agosto a noviembre de 2022, y el de enero de 2023. No obstante, adujo que el señor Torres Feliciano incumplió con los pagos del mes de diciembre de 2022 y los meses de febrero, marzo, abril y mayo de 2023. A esos efectos, sostuvo que el apelante le adeudaba $1,686.16.

En lo pertinente a la controversia ante nuestra consideración, el 12 de abril de 2024, notificada el 22 de abril siguiente, el foro primario emitió una *Orden de Celebración de Juicio Mediante Videoconferencia* para el 5 de junio de 2024.[2] El mismo 22 de abril, el foro de instancia expidió la *Notificación y Citación sobre Cobro de Dinero*, dirigida al señor Torres Feliciano.[3]

El 4 de junio de 2024, el apelante presentó una *Moción Informativa*, a los fines de acreditar el diligenciamiento de la citación emitida al apelante.[4] Según surge del mismo, tuvo lugar el 28 de mayo de 2024, en el "Barrio Consejo Bajo Carr. 377 Km. 7.0 Guayanilla, P.R.".[5]

Al próximo día, el 5 de junio de 2024, se celebró la vista. Conforme surge de la Minuta, al comenzar, la secretaria jurídico informó que la abogada que asumiría la representación legal del apelante se encontraba en línea telefónica.[6] En específico, la minuta consigna lo siguiente:

> En relación a la parte demandada, informa la Secretaria Jurídico, Lizabeth Rivera, que tiene en línea telefónica a la Lcda. Virginia Irizarry, quien va a asumir representación por la parte demandada. Le va a enviar el link y se va a conectar. El tribunal decreta un breve receso a las 9:48 para que la [a]bogada se conecte.

---

[2] Véase, expediente electrónico del caso YU2024CV00160 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 6.
[3] *Íd.*, Entrada Núm. 8.
[4] *Íd.*, Entrada Núm. 9.
[5] *Íd.*
[6] *Íd.*, Entrada Núm. 10.

Tras el receso, y luego de un breve diálogo entre las partes y el tribunal, la Lcda. Virginia Irizarry Muñoz (licenciada Irizarry Muñoz), en representación del apelante, solicitó la conversión del pleito al trámite ordinario. En corte abierta, el foro primario declaró con lugar su solicitud, y le concedió un término de treinta (30) días para presentar la contestación a la demanda, o cualquier otra alegación responsiva.

Transcurrido el plazo concedido, sin que el señor Torres Feliciano presentara la contestación a la demanda, el 10 de julio de 2024, el señor Quiñones Toro solicitó que se le anotara la rebeldía.[7]

El 16 de julio de 2024, notificada el 17 de julio siguiente, el foro primario declaró *Ha Lugar* a la solicitud del apelado, y le concedió un término de cinco (5) días para que informara "el curso a seguir".[8]

El 23 de julio de 2024, el apelado solicitó que se dictara sentencia en rebeldía.[9] El 2 de agosto siguiente, notificada el 5 de agosto, el TPI emitió una *Orden*, declarando Ha Lugar a la solicitud del señor Quiñones Toro, y concediendo un término de cinco (5) días para la presentación de un proyecto de sentencia.[10]

Así las cosas, el 12 de agosto de 2024, el señor Quiñones Toro presentó una *Moción en Cumplimiento de Orden*, acompañada del proyecto de sentencia requerido.[11] El 15 de agosto de 2024, notificada el 19 de agosto siguiente, el foro primario emitió una *Orden* declarando Ha Lugar a la referida moción. En principio, el dictamen se notificó a la representante legal del apelado, y al señor Torres Feliciano. No obstante, la boleta de notificación se enmendó,

---

[7] Véase, Apéndice del Recurso, Anejo 3, a las págs. 6-7.
[8] *Íd.*, Anejo 4, a la pág. 8.
[9] Véase, Apéndice del Recurso, Anejo 5, a la pág. 10.
[10] Véase, SUMAC, Entrada Núm. 18.
[11] Véase, SUMAC, Entrada Número 19.

a los efectos de notificar el dictamen emitido a la licenciada Irizarry Muñoz.[12]

El mismo 15 de agosto, notificada el 19 de agosto siguiente, el tribunal *a quo* emitió la *Sentencia* apelada, declarando Ha Lugar a la demanda, y ordenando el pago de la cuantía reclamada a favor del señor Quiñones Toro.[13] Asimismo, el TPI impuso el pago de intereses sobre la sentencia, a razón del 9.50%, y una suma de $500, en concepto de costas, gastos y honorarios de abogado.

Inconforme, el 2 de septiembre de 2024, el señor Torres Feliciano presentó un escrito intitulado *Reconsideración.*[14] Entre los asuntos argumentados, señaló que ni él, ni su representante legal habían sido notificados de la anotación de rebeldía, ni de la solicitud para que se dictase sentencia en rebeldía. Puntualizó, además que, toda vez que el pleito había sido convertido al trámite ordinario, no procedía la anotación automática de rebeldía. Por el contrario, indicó que correspondía la advertencia y notificación a la licenciada Irizarry Muñoz, y luego a la parte, seguido del señalamiento de juicio. El 16 de septiembre de 2024, el señor Quiñones Toro instó una *Réplica a Moción de Reconsideración.*[15]

El 17 de septiembre de 2024, notificada al día siguiente, el tribunal *a quo* emitió una *Orden* declarando *No Ha Lugar* a la solicitud de reconsideración, e indicó que mantenía la anotación de rebeldía.[16]

Todavía inconforme, el señor Torres Feliciano acude ante esta *Curia* imputándole al tribunal primario la comisión de los siguientes errores:

> ERRÓ EL TPI AL DECLARAR CON LUGAR LA ANOTACIÓN DE REBELDÍA SIN LA DEBIDA O ADECUADA NOTIFICACIÓN A LA PARTE DEMANDADA.

---

[12] Véase, Apéndice del Recurso, Anejo 7, a la pág. 12.
[13] Véase, Anejo 8 del Recurso, a la pág. 14.
[14] *Íd.*, Anejo 9, a las págs. 15-21.
[15] Véase, Apéndice del Recurso, Anejo 10, a las págs. 22-24.
[16] *Íd.*, Anejo 11, a la pág. 25.

ERRÓ EL TPI AL DECLARAR CON LUGAR LA DEMANDA EN COBRO DE DINERO, SIN ANTES CELEBRAR EL JUICIO EN REBELDÍA.

El 22 de octubre de 2024, emitimos una *Resolución* concediéndole al apelado el término de treinta (30) días para presentar su alegato en oposición. El 27 de noviembre siguiente, se cumplió con lo ordenado, por lo que nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Anotación de Rebeldía**

La rebeldía es aquella "posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011), citando a R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, Ed. Lexisnexis, 2010, Sec. 2701, pág. 287. En este sentido, la Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, dispone que:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El Tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

Conforme surge de la citada regla, esta provee para la anotación de la rebeldía en tres instancias. En primer lugar, cuando el demandado no comparece a contestar la demanda o no se defiende de forma alguna contra las alegaciones en su contra. En segundo lugar, cuando, habiendo comparecido mediante alguna moción previa, no contesta o presenta defensa alguna en el término

concedido por ley. En tercer lugar, cuando una parte se niega a descubrir prueba, luego de que se le haya requerido mediante los mecanismos de descubrimiento de prueba, o cuando ha incumplido con alguna orden del tribunal. *Rivera Figueroa v. Joe's European Shop*, supra, a las págs. 587-588.

Ahora bien, en lo concerniente al trámite de las sentencias en rebeldía dictadas por el Tribunal de Primera Instancia, la Regla 45.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.2, en su inciso (b) postula lo siguiente:

> Podrá dictarse sentencia en rebeldía en los casos siguientes:
> (a)      Por el Secretario o Secretaria. [...]
> (b)      Por el tribunal. En todos los demás casos la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, tutor(a), defensor(a) judicial u otro(a) representante que haya comparecido en el pleito. **Si para que el tribunal pueda dictar sentencia** o para ejecutarla **se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba** o hacer una investigación de cualquier otro asunto, **el tribunal deberá celebrar las vistas que crea necesarias y adecuadas** o encomendar la cuestión a un comisionado o comisionada. **Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento** de cualquier vista en rebeldía que celebre. [Énfasis nuestro]

Por tanto, no obstante el efecto de la anotación de rebeldía, en el descargue de sus funciones, el tribunal está en la obligación de comprobar cualquier aseveración esgrimida mediante la aportación de prueba que demuestre lo alegado, debiendo para ello celebrar las vistas que crea necesarias y adecuadas. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 577-578 (1997). Es decir, que aun en el ámbito de la adjudicación de un pleito en rebeldía los foros judiciales no pueden actuar como meros autómatas. *Íd.*, a las págs. 671-672.

De otra parte, como es sabido en todo proceso adversativo es menester cumplir con una serie de requisitos, establecidos con el fin

de asegurar un respeto a las exigencias mínimas del debido proceso de ley. Estos requisitos son: (1) que las partes sean notificadas adecuadamente del proceso; (2) que tengan oportunidad de ser oídos; (3) que el proceso se lleve a cabo ante un juzgador imparcial; (4) que las partes tengan derecho a contrainterrogar a los testigos y a examinar la evidencia presentada en su contra; (5) que la determinación que en su momento haga el tribunal esté basada en evidencia presentada y admitida y; (6) que las partes tengan derecho a tener asistencia de abogado. *Hernández v. Secretario*, 164 DPR 390, 395-396 (2005); *McConell v. Palau*, 161 DPR 743, 759 (2004).

El que una parte se encuentre en rebeldía no es impedimento para que haga uso a su derecho a un debido proceso de ley. Según ha aclarado nuestro Tribunal Supremo, a una parte demandada en rebeldía —que ha comparecido previamente—le cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, **impugnar la cuantía** y apelar la sentencia. *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807 (2023); *Ocasio v. Kelly Servs.*, 163 DPR 653, 672 (2005); *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 817 (1978). Los tribunales deben advertir a las partes sobre tales derechos, y notificarles el señalamiento correspondiente. *Continental Ins. Co. v. Isleta Marina*, supra, a la pág. 818.

El tratadista José A. Cuevas Segarra, señala que "[u]na parte en rebeldía no puede traer prueba, a menos que fuere para contrainterrogar testigos o impugnar la cuantía reclamada". J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Estados Unidos de Norte América, Publicaciones JTS, 2011, Tomo IV, pág. 1347. Ello se apoya en lo recogido por la Regla 608 de las de Evidencia, 32 LPRA Ap. VI, R. 608, la cual establece que la credibilidad de los testigos puede ser impugnada por cualquier parte y mediante cualquier prueba pertinente.

**III.**

En esencia, el señor Torres Feliciano planteó que el foro primario incidió al anotarle la rebeldía y luego declarar con lugar a la demanda, sin que se le hubiese notificado adecuadamente, y sin antes haber celebrado el juicio en rebeldía. Por estar los errores relacionados entre sí, los discutiremos en conjunto.

En el caso ante nuestra consideración, revisado el expediente electrónico YU2024CV00160, en el Sistema Unificado de Manejo de Administración de Casos (SUMAC), no está en controversia que el apelante no contestó la demanda en el término concedido por el foro apelado y que se le anotó la rebeldía. Además, destacamos que en el expediente no consta que la representante legal del apelante, la licenciada Irizarry Muñoz, haya presentado moción acreditando su representación y pagado el arancel correspondiente. Del SUMAC consta que esta fue notificada de la Orden emitida el 15 de agosto de 2024 y de la *Sentencia* aquí apelada.[17]

De otra parte, en la vista celebrada el 5 de junio de 2024, el TPI autorizó que el trámite de la Regla 60 de las de Procedimiento Civil continuara tramitándose bajo el procedimiento civil ordinario. Por ende, a la luz del derecho y de la jurisprudencia antes citada, anotada la rebeldía, el foro apelado debió señalar el juicio para continuar los procedimientos en rebeldía. De acuerdo con lo antes enunciado, al señor Torres Feliciano le cobija el derecho a conocer del señalamiento, a asistir a la vista, a contrainterrogar los testigos del apelado, a impugnar la cuantía y a apelar la sentencia. Nótese que en la *Demanda* instada por el señor Quiñones Toro se alegó que el apelante acordó asumir la responsabilidad de los pagos mensuales del vehículo que le prestó y que el balance adeudado es $1,686.16. Lo que sin duda alguna requiere la aportación de prueba

---

[17] Véase, Apéndice del Recurso, Anejo 7, a la pág. 12, y el Anejo 8, a la pág. 13.

por el apelado para precisar el estado de dicha cuenta, según exige la Regla 45.2 de las de Procedimiento Civil, *supra.*

En fin, erró el foro primario al dictar sentencia sin antes haber celebrado la vista ordenada por nuestro ordenamiento jurídico.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia* apelada. Consecuentemente, se devuelve el caso al foro primario para la continuación de los procedimientos, conforme con lo aquí dispuesto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones